Dennison Cosman, Appellant, v. Albert D. Cosman, Individually and as Executor, etc., Respondent.— Judgment affirmed, with costs. All concurred.

The People of the State of New York, Respondent, v. Kirk N. Warner, Appellant.— Judgment of conviction affirmed. All concurred.

Louis Fraszak, Respondent, v. Erie Railroad Company, Appellant.— Judgment and order affirmed, with costs. All concurred, except Robson and Foote, JJ., who dissented.

Theodore Wojchiechowski, an Infant, etc., Respondent, v. International Railway Company, Appellant.— Judgment and order affirmed, with costs. All concurred.

Fred C. Brown, Appellant, v. Charles E. Kolmetz, Respondent.— Judgment and order affirmed, with costs. All concurred.

Anastatia Borowiak, as Administratrix, etc., Plaintiff, v. International Railway Company, Defendant.— Plaintiff's exceptions sustained and motion for new trial granted, with costs to plaintiff to abide event. Held, that the court improperly granted defendant's motion for a nonsuit at the close of plaintiff's case; that the evidence presented questions of fact, both as to the defendant's negligence in operating its car and as to plaintiff's freedom from contributory negligence, which should have been submitted to the jury. All concurred.

In the Matter of the Final Accounting of Mary Eva Grier Hunter, as Executrix, etc., of James S. Patterson, Deceased, Respondent. Mary F. Patterson, as Administratrix, etc., and Others, Appellants.— Decree affirmed, without costs. Held: 1. That the evidence supports the finding of the surrogate that there was an assignment and transfer by the testator to the executrix of the property in controversy, and a delivery by him to her of an instrument in writing executed by him under seal, accompanied by the certificates of stock and other evidences of title of the property; and that the transaction amounted to a completed gift *inter vivos*. 2. That the surrogate was authorized to determine the question of ownership of the property upon the judicial accounting herein. 3. That the contestants having objected to the account of the executrix, contending that the property in question belonged to the testator at the time of his death and was a part of the assets of his estate, and that the account of the executrix should be surcharged with the value thereof, the burden of proof